**Tommie E. MASON, Appellant,**

v.

**Willis H. SARGENT, Warden; Greg Lord, Hearing Officer Administrator; R.K. Noggle, Hearing Officer; J.E. Bishop, Correctional Officer, Cummins Unit; A.L. Lockhart, Director, Arkansas Department of Correction, Appellees.**

No. 89–2362.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 25, 1989.

Decided March 20, 1990.

Rehearing and Rehearing En Banc Denied May 18, 1990.

Tommie E. Mason, pro se.

Kelly A. Procter, Waldron, Ark., for appellees.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HEANEY, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Tommie E. Mason, an Arkansas prisoner, appeals from an order of the district court [1] dismissing his pro se civil rights complaint.

Mason sued prison official and guards pursuant to 42 U.S.C. § 1983, alleging that he had been unfairly disciplined. In support of his claim, Mason stated that on December 8, 1987, Officer Bishop searched Mason's locker box, found contraband pajamas allegedly made from altered bed linens and prison clothing, ignored inmate Walker's statement that Walker had placed the items in Mason's locker box, and charged Mason with four institutional rule violations. Mason stated that the disciplinary committee found him guilty of three of the four charges, placed him on thirty days' restriction, ordered him to make $27.28 restitution for damaged prison property, and reduced his status from class one to class three. Mason also alleged that prison officials involved in the appellate review process had failed to reverse the committee's decision.

Defendants filed a combination motion to dismiss/motion for summary judgment alleging that Mason had failed to state a claim. Defendants filed the affidavits of the charging officer, hearing officers, and appeal officers in support of the motion.

Officer Bishop's affidavit stated that on December 8, 1987, he searched Mason's locker box and found altered bed linens and

---

**1.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkan-    sas.

prison clothing. He then charged Mason with four institutional rule violations.

Officer Noggle's affidavit stated that on December 17, 1987, he conducted a hearing on the violations and found that Mason had damaged state property, was in possession of contraband, had engaged in unauthorized activities, but was not guilty of the fourth rule violation.

Officer Lord's affidavit stated that he had reviewed Officer Noggle's decision. Lord noted that committee reviewed the incident report, inspected the items of altered sheets and clothing, and discounted a witness statement offered by Mason. Lord also stated that inmates are held responsible for items found in their locker boxes.

Warden Sargent's affidavit stated that he had reviewed the disciplinary proceedings, found that Mason had received due process and a fair and impartial hearing, and denied Mason's appeal. Director Lockhart's affidavit stated that he had also denied Mason's appeal.

In his reply to the defendants' motion, Mason stated that inmate Walker had admitted placing the altered sheets and clothing in a locker box that he and Mason shared. Mason argued that there was insufficient evidence of his guilt because no one had actually seen him alter prison property and Walker had exonerated him. Mason submitted a copy of the "Disciplinary Hearing Action Report," which states that "[W]itness Statement doesn't exonerate inmate [sic] of the charges." Mason requested that the defendants be directed to produce the allegedly contradictory statement for his inspection.

The defendants argued that Mason had no right to examine Walker's statement and that, as a matter of policy, inmate witnesses' statements are kept confidential in order to prevent reprisals.

The magistrate[2] ordered defendants to produce Walker's statement for an *in camera* inspection.

The magistrate found that the incident report, physical evidence of altered prison property, and Walker's statement constitut-ed "some evidence" supporting the disciplinary committee's decision and recommended that the district court grant summary judgment for the defendants. Mason did not file objections, and the district court adopted the magistrate's recommendations.

In reaching its decision, the disciplinary committee considered the incident report, the altered prison property, Walker's statement, and Mason's denial. Mason attended the hearing and was allowed to rebut the charges. There was a factual basis for the disciplinary committee's decision. Due process requirements are satisfied if there is any evidence in the record which supports the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985); *Rudd v. Sargent*, 866 F.2d 260, 262 (8th Cir.1989) (per curiam).

The order dismissing the complaint is affirmed.

HEANEY, Senior Circuit Judge, dissenting.

I respectfully dissent. There is no evidence in the record presented to us that supports the defendants' claim that Mason violated prison regulations. It is undisputed that Mason and Walker shared a locker. It is also clear that Mason denied knowledge of the presence of the pajamas in the locker and also denied that he made the pajamas from prison materials—probably sheets and pillow cases. Moreover, Walker admitted that the pajamas were his and not Mason's.

If the disciplinary committee had stated that they disbelieved the testimony of Mason and Walker, I would have no quarrel with the majority opinion. They did not do so. I would also have no trouble in concurring if the prison rules made Mason responsible for any items found in the joint locker which violated prison rules, but the prison rules do not so provide. Thus, there is neither a basis in fact nor law for the decision of the prison officials. What happened is obvious: prison guards found the pajamas in the joint locker, and they decid-

2. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas.

ed to charge Mason before they knew that the pajamas belonged to, and had been made by, Walker. Once having made their decision, the guards simply did not have the courage to right the wrong.

This may appear to some to be a small matter, but the punishment imposed on Mason for a violation that he did not commit is significant. It is important that the courts support the decision of prison officials whenever there is some evidence to do so, but there is none here.