977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard E. LATHAN, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 91-16828.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 2, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lathan, a California state prisoner, appeals pro se from an order of the district court dismissing his petition for writ of habeas corpus. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.
 
 
 3
 On May 19, 1990, a prison guard discovered a sharpened instrument during a search of the cell shared by Lathan and another prisoner. Prison rules forbid prisoners to possess dangerous weapons. One month later, a disciplinary hearing was held and Lathan was found guilty of possessing the weapon. The hearing officer assessed Lathan 360 days of good-time credits. Lathan contends that the district court erred by finding sufficient evidence in the record to support a finding of a hearing officer that Lathan had possessed a weapon in violation of prison rules.
 
 
 4
 We review de novo the district court's dismissal of a petition for writ of habeas corpus. See Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989). We also review de novo the district court's legal conclusion that some evidence in the record supported the findings of the disciplinary officer. See id.
 
 
 5
 The parties do not discuss and we assume that Lathan has a protected liberty interest in his good-time credits. The question on appeal is whether Lathan was deprived of his liberty interest without due process.
 
 
 6
 A prison inmate must be afforded procedural protections before he can be deprived of a protected liberty interest in good-time credits. See Wolff v. McDonnell, 418 U.S. 539 (1974). At a minimum, procedural due process demands that "the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985). The standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. The only question is whether "any evidence in the record ... could support the conclusion reached by the disciplinary board." Id. at 455-56.
 
 
 7
 The hearing officer pointed to two pieces of evidence to support his decision. First, prison officials found the weapon in the cell occupied by Lathan and another prisoner. Second, when questioned about the weapon prior to his hearing, Lathan responded: "It wasn't a weapon. It wasn't sharpened." Based on this statement, the hearing officer deduced that Lathan knew that the weapon was in his cell. In his defense, Lathan called his cellmate, who testified that he had brought the piece of metal with him from another prison and that Lathan knew nothing about it.
 
 
 8
 Hill indicates that the requisite quantum of evidence can be circumstantial. In Hill, a prison guard heard shouting and found Stevens, an inmate, bleeding from the mouth and suffering from a swollen eye. The guard saw three other inmates jogging away down the walkway. No other inmates were in the vicinity. Even though Stevens denied that the three inmates had assaulted him, the disciplinary board revoked some of the good time credits accumulated by the three inmates. On these facts, the Supreme Court found the "some evidence" test satisfied. In particular, the Supreme Court found the evidence constitutionally sufficient even though it did not prove that more than one of the inmates had struck the victim or that each of the accused inmates was the actual assailant. See id. at 456.
 
 
 9
 Here, a prison guard found the weapon during a search of the cell that Lathan jointly occupied with another inmate. Some evidence also suggested that Lanthan knew about the existence of the weapon. As in Hill, the fact that no direct evidence proves that Lathan possessed the weapon or that Williams testified that Lathan was innocent is not dispositive. The Eighth Circuit has upheld the findings of a disciplinary board on similar facts. See Mason v. Sargent, 898 F.2d 679, 679-80 (8th Cir.1990) (contraband found in shared locker; other inmate testified appellant not responsible). As the Supreme Court has held, the evidence does not have to "logically preclude[ ] any conclusion but the one reached by the disciplinary board." Hill, 472 U.S. at 457. Accordingly, we find the hearing officer's decision supported by some evidence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3