46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James P. CUNNINGHAM, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Respondent-Appellee.
 No. 93-3725.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 30, 1995.*
Decided Jan. 31, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 James P. Cunningham, an inmate at the Westville Correctional Center, in Westville, Indiana, filed a habeas corpus petition, 28 U.S.C. Sec. 2254, seeking review of a prison disciplinary proceeding. The district court denied Cunningham's petition. We affirm.
 
 
 2
 On April 1, 1993, Cunningham's personal property was inventoried and a photograph of nude boys was found in his legal papers. Cunningham was charged with the offense of violating Westville Prison Rule # 100 prohibiting violation of any state/federal law based on his possession of child pornography prohibited under Ind.Code Sec. 35-42-4-4(c).[1] At the time of the inventory, Cunningham was at a hospital outside of Westville and had left the personal property in question with another inmate.
 
 
 3
 On April 13, 1993, Cunningham was given a Notice of Disciplinary Hearing listing his rights and notifying him that the hearing was scheduled for April 21, 1993. Cunningham did not request the assistance of a lay advocate and pled not guilty. After rescheduling, a hearing was held on May 7, 1993. The Conduct Adjustment Board ("CAB") found Cunningham guilty of violating prison rule # 100 by violating state child pornography laws and recommended that Cunningham's credit class be reduced from Class I to Class III. The Westville Superintendent approved the CAB recommendation and denied Cunningham's appeal. Cunningham petitioned the district court for habeas corpus relief which the district court denied. Cunningham now appeals.
 
 
 4
 The loss of good time credit as punishment for prison disciplinary offenses is a deprivation of liberty protected by federal constitutional due process. Wolff v. McDonnell, 418 U.S. 539 (1974); Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445 (1985). Constitutional due process requires that a prison inmate must be provided with: (1) written notice of the disciplinary charges at least twenty-four hours in advance of the hearing; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied upon and the reason for the disciplinary action. Wolff, 418 U.S. at 563-567. In addition, the findings of the prison disciplinary board must be supported by "some evidence" in the record. Hill, 472 U.S. at 454.
 
 
 5
 Our review of the CAB's decision is narrow; "the 'some evidence' standard requires us to ask whether there is any evidence in the record that could support the [CAB's] conclusion". Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir.), cert. denied, 115 S.Ct. 314 (1994). We will overturn the CAB's decision only if no reasonable adjudicator could have found Cunningham guilty based upon the evidence in the record. Id.
 
 
 6
 Cunningham does not contest the procedural adequacy of his hearing but maintains that the CAB's decision was not supported by sufficient evidence. Cunningham argues that since the photo was found when a fellow inmate was in possession of his property, creating the possibility that this inmate or a third inmate placed the photograph in the legal work where it was found, the board's decision was based upon insufficient evidence. We disagree. The possibility that another inmate placed the photo in Cunningham's possession does not diminish the evidence of guilt upon which the board relied; the existence of exculpatory evidence does not, in itself, impact on the sufficiency of the evidence upon which the board relied. See Hill, 462 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."); Viens v. Daniels, 871 F.2d 1328, 1335 (7th Cir.1989) ("[O]nce the court has found the evidence reliable, its inquiry ends--it should not look further to see whether other evidence in the record may have suggested and opposite conclusion."). The evidence before the board--the conduct report, incident report, confiscated evidence, and Cunningham's testimony--constitutes "some evidence" of Cunningham's guilt. See Hill, 472 U.S. at 456-457 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir.1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir.1990) (disciplinary action supported when contraband was found in locker shared by two inmates).
 
 
 7
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The Indiana law prohibiting possession of child pornography reads in relevant part:
 (c) A person who knowingly or intentionally possesses:
 (1) a picture
 (2) a drawing;
 (3) a photograph;
 ... that depicts or describes sexual conduct by a child who is, or appears to be, less than sixteen (16) years of age and that lacks serious literary, artistic, political or scientific value commits possession of child pornography, a Class A misdemeanor.
 Ind.Code Sec. 35-42-4-4(c) (1994).