Roger GILES, Petitioner–Appellant,

v.

Craig HANKS, Respondent–Appellee.

No. 02–3165.

United States Court of Appeals, Seventh Circuit.

Submitted June 25, 2003.*

Decided June 25, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and EVANS, Circuit Judges.

ORDER

A prison disciplinary board found Indiana inmate Roger Giles guilty of possessing escape paraphernalia and imposed sanctions, including a demotion in his credit-earning class. After exhausting his administrative appeals, Giles filed a petition for a writ of habeas corpus in federal district court, *see* 28 U.S.C. § 2254, arguing that the board's decision was supported by insufficient evidence. The court denied Giles's petition, and we affirm.

According to a conduct report from August 2001 and a corroborating "staff statement," correctional officers searched Giles's cell and found items they believed to be "escape paraphernalia"–containers of concrete mix, paint that was the color of the cell walls, a bowl and trash can apparently used to mix concrete, and pieces of concrete. Prison officials confiscated the property and charged Giles with possession of escape paraphernalia. Giles testified at the disciplinary hearing that he knew that the items were in his cell, but that cellmate Jeffrey Paul used them for "arts and crafts projects." Giles also submitted a statement from Paul admitting that the confiscated items were his and "tak[ing] full responsibility." The board found Giles guilty, finding the conduct report and staff statement "to be true [and] accurate" and crediting Giles's statement that "he knew of the items [and] that they were in the cell."

Indiana prisoners have a liberty interest in their credit-earning class and therefore are entitled to due process before they are demoted to a lower credit-earning class. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir.2002) (per curiam). Due process in the prison context requires that the disciplinary board's decision be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000). "Some evidence" exists when the disciplinary board has some factual basis for its decision. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999).

On appeal Giles argues that the board's decision is not supported by "some evidence" because Paul admitted that the confiscated property was his. Giles maintains that his own statement and the conduct report establish only that the items were in the cell, not that he possessed the items. The board, however, viewed this evidence differently. In finding that Giles possessed the escape paraphernalia, the Board credited the report prepared by the correctional officers, and it treated as significant Giles's own admission that he knew the items were in the cell. Our review for "some evidence" does not require that we independently assess witnesses' credibility or reweigh evidence. *Hill,* 472 U.S. at 455–56; *Webb,* 224 F.3d at 652. Here, the conduct report, the staff statement, and Giles own admission that the escape items were in his cell constitute "some evidence" that he possessed the materials. *See Hamilton v. O'Leary,* 975 F.2d 341, 346 (7th Cir.1992) (evidence that weapons found in cell shared by petitioner and three other inmates created a "25% chance of guilt" and therefore constituted "some evidence" to support disciplinary board's finding regarding possession charge).

Even if the board had credited Paul's statement, Paul's ownership would not preclude Giles's possession of the escape paraphernalia because two individuals may

exercise joint possession. *United States v. Alanis,* 265 F.3d 576, 592 (7th Cir.2001), *cert. denied,* 535 U.S. 1095, 122 S.Ct. 2289, 152 L.Ed.2d 1049 (2002). Based on Giles's admission that he knew the paraphernalia was in his cell, the board could infer that Giles intended to exercise dominion or control over it. *See id.* (husband could be convicted of possessing a firearm when firearm allegedly owned by wife was found in their shared bedroom); *Mason v. Sargent,* 898 F.2d 679, 680 (8th Cir.1990) (some evidence existed to support possession of contraband charge against petitioner when he and another inmate shared a locker and other inmate admitted placing contraband in locker). Thus, the board's decision is supported by "some evidence," and we will not disturb it.

AFFIRMED.