**Tommy TWEEDY, Petitioner–
Appellant,**

v.

**John VANNATTA, Respondent–
Appellee.**

**No. 04–1120.**

United States Court of Appeals,
Seventh *Circuit.*

Submitted June 3, 2004.*

Decided June 9, 2004.

Tommy Tweedy, Bunker Hill, IN, pro
se.

Joby Jerrells, Office of the Attorney
General, Indianapolis, IN, for Respondent–
Appellee.

Before COFFEY, ANNE, and
ROVNER, Circuit Judges.

**ORDER**

Tommy Tweedy, an inmate at the Miami
Correctional Facility in Bunker Hill,
Indiana, filed a petition under 28 U.S.C.
§ 2254 after a Conduct Adjustment Board

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

(CAB) found him guilty of possessing marijuana and revoked ninety days of good-time credits. Tweedy contends that the evidence presented at his disciplinary hearing was insufficient to support the charge, and that he was denied the opportunity to present exculpatory evidence. The district court denied his petition, and we affirm.

On June 29, 2002, a guard searched Tweedy's two-man cell and found marijuana in a cup that Tweedy admittedly owned. Based on this discovery, Tweedy was charged with possession of a controlled substance, a "Class A" offense under Adult Disciplinary Code 112. Tweedy received notice of an impending CAB hearing, and the screening officer noted that Tweedy did not intend to call any witnesses or present any physical evidence at the hearing.

At the hearing Tweedy denied possessing the marijuana in his cup. He explained that he lacked proof but believed that the presence of the marijuana in his cell was gang-related. Tweedy had been elsewhere in the prison when the marijuana was found, and he requested that the CAB review a surveillance tape that he claimed would show "a lot of traffic out of [his] cell that [was] gang related." The CAB did not review the tape and, based on a photograph and field test of the marijuana along with the conduct report of the guard who discovered it, found Tweedy guilty. After exhausting his administrative appeals without success, Tweedy turned to the district court.

Indiana inmates have a liberty interest in earned good time and thus are entitled to basic procedural protections before it can be taken away for misconduct. *See Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process demands, among other things, that a prison disciplinary board support its findings with "some evidence" in the record. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *see also Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). This is a lenient standard, and "[e]ven 'meager' proof will suffice as long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *See Webb*, 224 F.3d at 652 (quoting *Hill*, 472 U.S. at 457).

On appeal, as in the district court, Tweedy backpedals from his admissions after the search of his cell and at the CAB hearing that the cup containing the marijuana belonged to him, and contends that there was "no evidence" tying him to the marijuana. He argues that the CAB lacked sufficient evidence to convict because the marijuana just as likely could have belonged to his cellmate, or to one of the other inmates who paraded through his cell before the search. But Tweedy cannot escape his earlier admissions. The fact that the marijuana was found in what he twice conceded was his cup constitutes "some evidence" that the marijuana belonged to him. *See Hamilton v. O'Leary*, 976 F.2d 341, 345–46 (7th Cir.1992) (finding "some evidence" of guilt where weapons found in cell); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir.1990) ("some evidence" existed to support possession of contraband because it was found in inmate's locker).

Tweedy also contends that, even if there was sufficient evidence to find him guilty, the CAB decision cannot stand because he was not allowed to introduce "exculpatory" evidence. Tweedy explains that he was not permitted to call his cellmate, and though there is a factual dispute about whether he tried—the screening report reflects that Tweedy never identified any witnesses, but he counters that the

screening officer told him that his cellmate had been written up for the same conduct and thus could not testify—it makes no difference. Tweedy never disclosed to the district court what his cellmate would have said if called, and his contention here that his cellmate would have claimed ownership of the marijuana is neither timely nor supported by any evidence in the record. Any conceivable error, then, was necessarily harmless. *See Piggie v. Cotton*, 344 F.3d 674, 679 (2003) (upholding denial of prisoner's claim that he was denied right to call witness at disciplinary hearing where inmates affidavit did not specify what witness' testimony might have been or how it would have aided defense); *Piggie v. Cotton*, 344 F.3d 674, 676 (7th Cir.2003) (same); *compare Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir.2002) (remanding claim that inmate was denied right to call witnesses where inmate articulated in the district court a basis for concluding that witness' testimony would have been relevant).

Likewise with the video tape. Even if the tape documents other inmates entering Tweedy's cell, that fact would not undermine the CAB's finding that he possessed the marijuana because contraband may be constructively possessed jointly with others. *See Hamilton*, 976 F.2d at 345–46 (finding that constructive possession supported finding that prisoner possessed weapons in air vent even though at least three other prisoners also had access to the area of his cell where the weapons were found); *Mason*, 898 F.2d at 680 (fact that contraband was found inside inmate's locker supported finding that he possessed it even though locker was shared); *see also United States v. Richardson*, 208 F.3d 626, 632 (7th Cir.2000) ("ownership, dominion, authority, or control" establish constructive possession, which "may be sole or joint"). Moreover, the CAB was aware of

Tweedy's contention that the video tape would show other inmates entering his cell, and therefore no relevant information was withheld from the CAB. The CAB, as was its prerogative, obviously decided that the presence of other inmates in Tweedy's cell did not exonerate him.

AFFIRMED.