NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2008[*]
Decided August 18, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1446

| | |
|---|---|
| STEVE PIGG,<br>    *Petitioner-Appellant*,<br><br>    *v.*<br><br>ALAN FINNAN,<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 07 C 209<br><br>Larry J. McKinney,<br>*Judge*. |

**O R D E R**

Guards at the Wabash Valley Correctional Facility searched inmate Steve Pigg and his cell. Mr. Pigg had a bag of loose tobacco, and there was a can of chewing tobacco in the cell. After the search Mr. Pigg admitted that the loose tobacco was his. Mr. Pigg was charged with a Class B offense under § B-245 of the Indiana Adult Disciplinary Procedures for unauthorized possession of "more than one (1) cigarette, any tobacco, tobacco

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

associated products or unauthorized tobacco substitute products."  At his disciplinary hearing, Mr. Pigg apparently tried, but was not permitted, to introduce a written statement from his cellmate, who claimed responsibility for the "pinch of snuff" found in the cell. Mr. Pigg told the board that the bag of tobacco was his, but said there wasn't enough loose tobacco to roll more than one cigarette.  The board found Mr. Pigg guilty of the violation and sanctioned him with a loss of 60 days earned credit time.  In his administrative appeal, Mr. Pigg argued unsuccessfully that the board should have considered his cellmate's statement, and he makes the same claim in the petition for habeas corpus he filed in the district court under 28 U.S.C. § 2254.  The district court, reasoning that Mr. Pigg was not denied due process because his cellmate's statement is not exculpatory, denied the petition. On appeal Mr. Pigg presses his argument that the statement is relevant to the proper classification of his infraction and thus should have been considered by the board.

Our review is de novo.  *Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002).  Indiana inmates have a liberty interest in their good-time credits, and prison officials may not revoke them without due process.  *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002).  Due process requires, as relevant here, that prisoners have the opportunity to call witnesses and present documentary evidence.  *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003).

It is not clear that Mr. Pigg even offered his cellmate's statement at the disciplinary hearing; he says he did, so at this stage we accept his representation as true.  But assuming he did, any error on the board's part was harmless.  *See Piggie v. Cotton*, 344 F.3d at 666 (7th Cir. 2003).  In his written statement the cellmate acknowledges ownership of the "pinch of snuff," while at the same time insisting that the "cigarette" found by the guards was Mr. Pigg's.  Even viewing this statement in the most generous possible light, it serves to incriminate, rather than exculpate.  Mr. Pigg argues that the cellmate's statement supports his contention that only the tobacco in the bag belonged to him and that the amount of loose tobacco was equivalent to one cigarette.  Therefore, reasons Mr. Pigg, he is guilty, not of violating § B-245, but of a lesser Class C offense.  *See* ADULT DISCIPLINARY PROCEDURES § C-369.  But there are a couple of problems with Mr. Pigg's argument.  First, § B-245 provides that an inmate commits a Class B offense by "use or possession of more than one (1) cigarette, any tobacco, tobacco associated products or unauthorized tobacco substitute products."  The state argues that the *amount* of tobacco is irrelevant because possession of any loose tobacco instead of an actual cigarette violates the proscription.  This interpretation fits the language of § B-245, and Mr. Pigg does nothing to convince us to adopt any other interpretation.  Second, even if the chewing tobacco did not belong to Mr. Pigg, it was found in his bunk.  Prison disciplinary decisions must be supported by "some evidence."  *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007).  When only a few inmates have access to the place contraband is found, constructive possession is "some

evidence" sufficient to sustain a disciplinary conviction. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992); *Mason v. Sargent*, 898 F.2d 679, 679-80 (8th Cir. 1990). Because the cellmate's statement would not have changed the outcome of Mr. Pigg's case, any error in refusing to admit it was harmless, and the judgment of the district court is

AFFIRMED.