James H. HIGGASON, Jr.,
Petitioner–Appellant,

v.

Bruce LEMMON, Respondent–Appellee.

No. 99–4289.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2001.*

Decided April 26, 2001.

Rehearing Denied July 12, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. JOHN L. COFFEY, Hon. KENNETH F. RIPPLE, and Hon. TERENCE T. EVANS, Circuit Judges.

ORDER

James Higgason, an Indiana prisoner, lost good time credits as a result of a battery conviction before the Conduct Adjustment Board (CAB). After exhausting his administrative remedies, Mr. Higgason filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied relief, and he appeals.

Mr. Higgason received a conduct report charging him with battery after a correctional officer saw him throw a "liquid substance" (later identified as feces) from his shower cell into the cell of Graylon Bell, another prisoner. Mr. Higgason request-

ed that three witnesses be permitted to testify at his hearing; all three submitted written statements that they observed feces in the shower and in Bell's cell. At the hearing, Mr. Higgason testified that Bell threw feces "on me also but he was not written up." Based on the conduct report, the witnesses statements, and Mr. Higgason's own admission, the CAB found Mr. Higgason guilty of battery, revoked 180 days of good time credit, and demoted his credit class.

■ We note first that Mr. Higgason has a protected liberty interest because good time credits are at issue. Ind.Code § 35–50–6–1; *Gaither v. Anderson,* 236 F.3d 817, 819 (7th Cir.2000). This liberty interest may not be taken away without the minimal safeguards of due process. *Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985). Due process requires "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Additionally, the decision of a disciplinary board must be supported by "some evidence," *Hill,* 472 U.S. at 455, and the decision maker must be impartial, *see Wolff,* 418 U.S. at 570–71.

■ On appeal, Mr. Higgason first asserts that the district court erred by dismissing his claim that the CAB officers lack the authority to sanction him because they are not qualified judges under Indiana law. All that due process requires, however, is an impartial panel,

*Wolff,* 418 U.S. at 570–71, defined as "a neutral and detached decision-making body," *Ramirez v. Turner,* 991 F.2d 351, 355 (7th Cir.1993)(internal quotations and citations omitted). *See also Wolff,* 418 U.S. at 592 (Marshall, J., concurring in part and dissenting in part)(noting that the Constitution does not prohibit responsible prison officials from serving on disciplinary boards). And we have repeatedly upheld sanctions imposed by the CAB without requiring that they be qualified judicial officers. *See, e.g., Sweeney v. Parke,* 113 F.3d 716 (7th Cir.1997); *Rasheed–Bey v. Duckworth,* 969 F.2d 357 (7th Cir.1992); *Miller v. Duckworth,* 963 F.2d 1002 (7th Cir.1992).

■ Mr. Higgason also asserts that the chairman of the CAB, Lieutenant Craig Brown, was not an impartial decision maker because he had been instructed by Captain Barnett, a higher-ranking prison official, to find Mr. Higgason guilty. Federal courts employ an initial presumption that CAB members properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong,* 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Mr. Higgason, however, provided no proof to support the story he told regarding Captain Barnett's orders to the CAB chairman. Indeed, he failed even to articulate the basis for the allegation in his petition. He therefore failed to rebut the presumption that the CAB acted appropriately, and the district court correctly denied this claim. *See, e.g., Bracy,* 520 U.S. at 909 (finding the presumption "soundly rebutted" where petitioner presented evidence to support his claim that the decision maker was biased in his particular case).

Mr. Higgason next claims that the CAB deliberately misplaced _____ and thus failed to consider _____ one of the exculpatory witness statements. Prior to the disciplinary hearing, Mr. Higgason identified one prisoner and two officers whom he wished to call as witnesses at his hearing. All three submitted written statements, but Mr. Higgason asserts that the CAB was "unable to produce" the statement of Officer L. McPherson during the hearing, and Mr. Higgason speculates that the statement was later reproduced and inserted into the record after the CAB rendered its decision. The record, however, shows that the CAB did in fact consider a written statement provided by Officer McPherson: the CAB's disciplinary hearing report explicitly states that Officer McPherson "gave [a] written statement[ ]."

■ Mr. Higgason also contends that the district court erred in concluding that "some evidence" supported his battery conviction. Specifically, Mr. Higgason argues that the evidence failed to prove that the feces and plastic bowl he threw into the other prisoner's cell actually hit that prisoner. Indiana prison rules provide, however, that attempting to commit battery "shall be considered the same as a commission of the offense itself." The Disciplinary Code for Adult Offenders, App. I, A–111. Moreover, due process mandates only that "some evidence" exist to support the decision. *Hill,* 472 U.S. at 455. The evidence considered by the CAB, particularly Mr. Higgason's admission that he threw feces into the adjoining cell, supports an inference that Mr. Higgason intended to strike Bell with the feces. That his attempt was unsuccessful does not render the CAB's decision arbitrary or without support.

■ Next, Mr. Higgason claims that his sentence is invalid because fellow inmate Bell, who Mr. Higgason claims was

the instigator, was not also disciplined. Mr. Higgason surmises that this disparate sentencing somehow reflects reverse racial discrimination (Mr. Higgason is Caucasian and Bell is African–American). But the failure to punish one individual does not suggest the invalidity of another's sentence. *See, e.g., United States v. Palumbo Brothers, Inc.,* 145 F.3d 850, 865 n. 9 (7th Cir.1998)("The government retains broad discretion in determining whom to prosecute and what charges to file."). To make out a prima facie case of racial discrimination, Mr. Higgason would have to show a significant statistical disparity between African–Americans and Caucasians with respect to the prison's departures from its disciplinary norms. *See Bush v. Commonwealth Edison Co.,* 990 F.2d 928, 932 (7th Cir.1993). Mr. Higgason has submitted nothing to suggest that the variation in sentencing represents a pattern of unequal enforcement of disciplinary rules.

 Finally, Mr. Higgason challenges the district court's denial of his request to submit interrogatories to parties who would supposedly confirm an alleged prison-wide racial discrimination against Caucasian prisoners. Habeas petitioners, however, are not entitled to discovery as a matter of course. *Bracy,* 520 U.S. at 904. Rule 6(a) of the Rules Governing § 2254 Cases permits federal judges, in their discretion, to allow a petitioner to invoke the rules of discovery upon a showing of good cause. *Id.* "Good cause" exists when the facts alleged, if fully developed, may entitle the petitioner to relief. *Id.* at 908–09. The factual allegations, however, must not be speculative or conclusory because discovery is not intended to be a fishing expedition. *See Hill v. Johnson,* 210 F.3d 481, 487 (5th

Cir.2000); *Kompare v. Stein,* 801 F.2d 883, 889 (7th Cir.1986). Mr. Higgason failed to establish "good cause" because he could not point to specific evidence to support his claim that prison officials were racially-biased. His unsubstantiated charges that prison officials acted with improper motives are mere conjecture, and he offered no basis for the allegations he made. We therefore cannot say that the district court abused its discretion in denying Mr. Higgason's requests.

The judgment of the district court is AFFIRMED.