**James H. HIGGASON, Jr.,**
**Petitioner–Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

**No. 01–3277.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002.[*]

Decided April 18, 2002.

Before BAUER, KANNE and DIANE P. WOOD, Circuit Judges.

**ORDER**

Indiana inmate James Higgason was disciplined for disorderly conduct and lost 180 days of earned credit time. After exhausting his administrative remedies, he challenged the sanction through a petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court denied relief, and Higgason appeals.

As a preliminary matter, we reject Indiana's contention that § 2254(d) and § 2254(e)(1)—which command deference to a state court's determination of the merits and the facts, respectively—apply to this case. We have expressly held that prison disciplinary boards are not "courts" for purposes of those provisions. *See Piggie v. McBride*, 277 F.3d 922, 925–26 (7th Cir. 2002); *White v. Ind. Parole Bd.*, 266 F.3d 759, 763–66 (7th Cir.2001). The state apparently believes that *Piggie* and *White* left standing earlier decisions implying that the word "court" includes prison administrative bodies. *See Gaither v. Anderson*, 236 F.3d 817, 819–20 (7th Cir. 2001); *Sweeney v. Parke*, 113 F.3d 716, 719 (7th Cir.1997); *Evans v. McBride*, 94 F.3d 1062, 1065 (7th Cir.1996). But a plain reading of *Piggie* and *White* does not support the state's position, and we accordingly reaffirm their holdings that § 2254(d) and § 2254(e)(1) are irrelevant to collateral review of prison disciplinary board decisions.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

We turn now to the merits. Higgason contends that he did not receive a fair and impartial hearing because, he says, two members of the conduct adjustment board (CAB)—officers Mundt and Roose—witnessed the incident that led to the underlying charge for disorderly conduct. But we agree with the district court that the statement of facts in Higgason's petition establishes only that Mundt and Roose *may* have witnessed the incident; the petition alleges that Mundt and Roose were in an office adjoining the area where the incident occurred but does not lay out facts showing that the officers saw or heard anything relating to the disciplinary charge. Higgason's claim is therefore only speculative, which is not enough to survive dismissal. *Dellenbach v. Hanks,* 76 F.3d 820, 822 (7th Cir.1996); *see also* Advisory Committee Note to Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts (habeas corpus petition must state facts that point to real possibility of constitutional error); *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (same).

We may quickly dispose of Higgason's remaining arguments. First, he contends that "no federal court has jurisdiction over any Indiana state prisoner's federal petition for writ of habeas corpus directed at a CAB conviction . . . because pursuant to 28 U.S.C. § 2254 the [CAB] must be recognized as a 'state court' as a prerequisite to federal court review." This is a curious argument since Higgason was the one who filed this case, but in any event we have said many times before that § 2254 is the proper vehicle to contest a loss of good-time credits. *E.g., Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir. 2001); *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir.2000). Higgason also contends that CAB members lack authority to sanction him because they are not "state judicial officers." All that due process re-

quires, however, is a "neutral and detached" decision-making body, *Ramirez v. Turner,* 991 F.2d 351, 355 (7th Cir.1993), as we have already told Higgason in another one of his many appeals. *Higgason v. Lemmon,* No. 99–4289, 2001 WL 436180, at *1, 6 Fed.Appx. 433 (7th Cir. Apr.26, 2001). Finally, Higgason argues that his Eighth Amendment rights were violated because the sanctions he received were excessive in proportion to his offense. But the Eighth Amendment forbids only "extreme" punishment that is "grossly disproportionate" to the crime, *Koo v. McBride,* 124 F.3d 869, 875 (7th Cir.1997); *see also Leslie v. Doyle,* 125 F.3d 1132, 1134–35 (7th Cir.1997), which is not the case here.

AFFIRMED.