**Larry BENFORD, Petitioner–Appellant,**

v.

**Herbert NEWKIRK Respondent–Appellee.**

**No. 01–3499.**

United States Court of Appeals, Seventh Circuit.

Submitted June 20, 2002.*

Decided June 24, 2002.

Before WOOD, Jr., COFFEY, ROVNER, Circuit Judges.

**ORDER**

Larry Benford, an inmate at Indiana's Westville Correctional Facility, petitioned under 28 U.S.C. § 2254 to set aside a prison disciplinary conviction incurred while serving an unrelated sentence in the Vigo County Jail in Terre Haute. The

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

district court denied Benford's petition, and we affirm.

In November 1999, shortly after commencing the last of three consecutive terms of incarceration, Benford scuffled with Vigo County jailers, who afterward filed conduct reports charging him with refusal to obey a lawful command and battery on a correctional officer. The conduct reports describe an incident in which the officers witnessed Benford "becoming very loud" and threatening his probation officer. When the officers instructed Benford to calm down, he yelled, "I don't have to fucking calm down." Officer Huey then placed Benford in a holding cell. While being escorted to the holding cell, Benford resisted and stated that the officers would have to physically put him in the cell. Benford had earlier sustained an arm injury and was using crutches. Officer Moreland then took a crutch from Benford to force him into the cell, and Benford responded by hitting Moreland in the face.

At the subsequent disciplinary hearing, Benford contested some of the allegations contained in the conduct reports, but he did not deny that he refused to obey a lawful command. Benford denied threatening the officers or striking Moreland. The hearing officer found Benford guilty of both charges, revoked a total of 104 days earned credit time, and demoted him to credit time earning class II. Benford filed an administrative appeal with the Vigo County sheriff, but it was denied in April 2000. Shortly thereafter, he was transferred to Westville to serve his current sentence, and he filed this petition for habeas corpus in May 2001. The government has conceded that Benford may now challenge the Vigo County disciplinary action because it continues to effect the length of his present sentence. *See Fawcett v. Bablitch*, 962 F.2d 617 (7th Cir.

1992); *Harrison v. Indiana*, 597 F.2d 115 (7th Cir.1979).

On appeal Benford argues that his due process rights were violated in two ways: he never received notice of his disciplinary hearing or an opportunity to present a defense, and he was disciplined without sufficient evidence to support the hearing officer's decision. Benford's habeas corpus claim is governed by § 2254 because he lost good-time credits, *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir.2001), and before that sanction could be imposed Benford was entitled to (1) 24 hours' written notice of the charges against him, (2) the opportunity to present a defense to an impartial decision-maker, and (3) a written explanation of the fact-finder's decision. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process also required that the findings of the prison disciplinary board be supported by "some evidence in the record." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000).

Benford received all the process due. The conduct reports evidence that he received written notice of the charges a week in advance of the hearing. Before the hearing, an officer conducted a screening, in which he explained to Benford all of his rights in the disciplinary process. After the screening Benford was interviewed by the hearing officer and given an opportunity to present a defense. Finally, the record includes a statement of the hearing officer's findings, including a description of the supporting evidence. Thus, Benford's due process claims are without merit.

Further, the record without doubt contains "some evidence" that supports the hearing officer's findings. *See Webb*, 224 F.3d at 652. Although the state's continued insistence that a prison disciplinary board's legal and factual determinations are entitled to deferential review under § 2254(d) and § 2254(e)(1) is frivolous in

view of our directly contrary holdings, *Piggie v. McBride*, 277 F.3d 922, 925–26 (7th Cir.2002); *White v. Ind. Parole Bd.*, 266 F.3d 759, 763–66 (7th Cir.2001), Benford himself admitted that he refused to obey a lawful command and that he refused to go into the holding cell. Benford did deny hitting Officer Moreland, but the conduct report and the officers' testimony contradicted this assertion. In short, there was ample evidence to support the hearing officer's decision. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999) (holding that conduct report alone provides "some evidence").

AFFIRMED.