**James H. HIGGASON, Jr.,**
**Petitioner–Appellant,**

v.

**Craig A. HANKS, Respondent–Appellee.**

**Nos. 01–3732, 01–3839, 01–4275.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 24, 2002.*

Decided July 25, 2002.

---

* After examining the briefs and record, we conclude that oral argument is unnecessary, and the appeal is submitted for decision. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Indiana prisoner James Higgason, who has now filed forty-five appeals in this court, seeks habeas corpus relief from sanctions imposed by a conduct adjustment board ("CAB") in three separate disciplinary proceedings. We consolidate the appeals and affirm the dismissals in all three.

Higgason lost good-time credit as a result of each CAB decision he is challenging, so the due process clause is implicated. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). We begin with the arguments that are common to the three appeals. First, Higgason maintains that "no federal court has jurisdiction over any Indiana state prisoner's federal petition for writ of habeas corpus directed at a CAB conviction ... because pursuant to 28 U.S.C. § 2254 ... [the CAB] must be recognized as a 'state court'

as a prerequisite to federal court review." We have told Higgason before that this argument is frivolous. *See Higgason v. Davis,* 32 Fed.Appx. 767, 768 (7th Cir. 2002). And why Higgason persists in raising it is puzzling—if he does not want us to consider his cases, he should simply stop filing them. Higgason also renews his tired argument that CAB members lack authority to sanction him because they are not judges, *see Higgason v. Davis,* 32 Fed. Appx. 767, 768; *Higgason v. Lemmon,* 6 Fed.Appx. 433, 434 (7th Cir.2001), but we again remind him that due process is satisfied so long as there is a "neutral and detached" decision-making body. *See Ramirez v. Turner,* 991 F.2d 351, 355 (7th Cir.1993). Higgason further contends in appeal Nos. 01–3839 and 01–4275 that the governor of Indiana has instructed the CAB "to rescind the maximum amount of [earned credit time] upon a finding of guilt, for any and all minor rule infractions" as part of some covert scheme to increase the state's prison population. This argument is patently frivolous and warrants no discussion.

■ We turn next to the arguments specific to each appeal, starting with No. 01–3732. Briefly, the underlying facts are as follows: In August 2000 Higgason appealed a decision of the CAB to the facility head, and on the appeal form wrote, "So, who should I hold responsible for this 'injustice'? Who do you want me to attack or kill because you people have unjustly deprived me of my freedom AGAIN!!!!!!?!!!!" Higgason was then found guilty on the new charge of threatening another with bodily harm, and lost 180 days of earned credit time. He now claims that there was insufficient evidence to support the decision, but his only arguments in support are frivolous—he contends that "a 'question' cannot be a 'threat'" and that "[w]ithout a target, or a recipient, or a victim of the

'implied threat' there can be no threat or implied threat." Higgason also alleges that his due process rights were violated "by the ongoing ... custom or policy that permits and encourages security officers to levy 'false' conduct reports against a group of prisoners as a means to manipulate that group of falsely accused prisoners to coerce other prisoners ... to comply with the prison rules." We need not address this generalized complaint, however, because even assuming it to be true, it did not lead to the disciplinary conviction that is at issue in this appeal. Finally, Higgason contends that the sanctions imposed were excessive in proportion to his offense. But as we have told Higgason before, *see Higgason v. Davis*, 32 Fed.Appx. 767, 768, the Eighth Amendment forbids only "extreme" punishment that is "grossly disproportionate" to the crime, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir.1997); *see also Leslie v. Doyle*, 125 F.3d 1132, 1134–35 (7th Cir.1997), and that is not the case here.

■ Turning next to appeal No. 01–4275. Higgason lost 180 days of good-time credit after the CAB found him guilty of making sexual proposals, gestures, or threats. Higgason now contends that Charles Penfold, the final reviewing authority, was not impartial. As the state notes, however, he makes no coherent argument why; he alleges only that Penfold "has become paranoid about the sins/injustices that [Higgason] has committed against humanity and consequently he has taken steps to assure that Higgason serve the complete 25 years on his current 25 year sentence." Higgason also contends that Penfold failed to adequately explain why he was affirming the CAB's decision, but the record belies Higgason's assertion. Penfold expressly found that there was no evidence of a due process error, that the conduct reports were "quite clear and [supported] the charges," and that the sanctions were within those set by the prison guidelines. We further reject Higgason's argument that the district court should have granted his petition because the state's response mistakenly referenced the wrong CAB proceeding. Though the exhibits attached to the state's response did relate to a different CAB proceeding, the response itself addressed the claims (which are frivolous in any event) set forth in Higgason's petition.

■ We turn finally to appeal No. 01–3839. Higgason lost 730 days of earned credit time after the CAB found him to be a habitual conduct rule violator. Pursuant to the Indiana Department of Corrections' Adult Disciplinary Procedures, an inmate is deemed a habitual conduct rule violator if he has been found guilty of four violations involving "unrelated incidents" within the prior six months. Higgason's primary contention on appeal is that there is insufficient evidence to support the CAB's finding because, he says, three of his four earlier violations are not "unrelated." He recites the relevant facts as follows. Upset after being found guilty of the first of the three offenses, Higgason proceeded to "raise his voice" at a prison guard, resulting in the second offense (for disorderly conduct); then, in his appeal from that conviction, he made a threat, which led to the third conviction (the one that is the basis of appeal No. 01–3732 above). Based on these facts, Higgason maintains that the three violations, which occurred weeks apart, are related because had he not been "unjustly charged" with the first, he would not have had to take the actions that led to the other two. His argument is patently frivolous. Even taking Higgason's allegations as true, we have no trouble concluding that there was sufficient evidence to support the CAB's finding that the earlier incidents were "unrelated."

Higgason also contends that the fourth prior conviction is "constitutionally unsound, because Higgason was originally charged with disorderly conduct ... but the CAB reduced that charge, and found Higgason guilty of disruptive conduct ... without giving Higgason the constitutionally mandated 24 hour advance written notice." We seriously doubt whether Higgason can make this argument now, when he apparently never filed a § 2254 petition directed at that earlier conviction. *Cf. Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 402–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (if prior state-court conviction used to enhance a subsequent sentence is no longer open to direct or collateral attack, that conviction may not be later challenged through a § 2254 petition directed at the enhanced sentence). But even assuming that he could raise it, his argument lacks merit. The purpose of the advance notice requirement is to inform the prisoner of the charges so that he can "marshal the facts in his defense." *Wolff,* 418 U.S. at 564; *see Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995). Here, the notice Higgason received for the original charge of disorderly conduct gave him all the information he needed to prepare his defense; that the CAB later *reduced* the charge to "disruptive conduct" does not render the notice inadequate because the factual basis for both offenses was the same. *See Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir.1992) (prison disciplinary committee did not deny prisoner due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because factual basis for both charges was identical).

Finally, Higgason contends that the prison's screening officer imposes "the habitual conduct rule violator charge against select prisoners in an arbitrary and discriminatory manner." But even assuming Higgason's allegation to be true, he still would not be entitled to federal habeas corpus relief because protection from such arbitrary actions is provided by the procedures required under due process. *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir.1999). For the same reason, we reject Higgason's argument that the charge was brought against him in retaliation for his filing lawsuits against prison officials. *See id; see also McKinney v. Meese,* 831 F.2d 728, 733 (7th Cir.1987) (prisoner not entitled to habeas corpus relief on ground that prison officials allegedly filed disciplinary charge against him in retaliation for acts of another inmate; protections against such retaliatory actions are the procedures mandated by due process).

The judgment of the district court, in all three cases, is AFFIRMED.