**Anthony SMITH, Petitioner–Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

No. 02–1380.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 11, 2002.*

Decided Sept. 30, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

ORDER

In July 2001 Anthony Smith, an inmate at the Indiana State Prison in Michigan City, refused to give a urine sample. Prison authorities subsequently charged him

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

with refusing to submit to urinalysis. Smith denied the charge, but a conduct adjustment board found him guilty after a hearing and revoked 90 days of good time credit. In finding Smith guilty, the conduct board relied on a conduct report submitted by a correctional lieutenant and a laboratory form indicating that Smith had failed to provide a urine sample. After exhausting his state remedies, Smith sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The court denied his petition and Smith appeals. We affirm.

■ As a preliminary matter, we reject Indiana's contention that 28 U.S.C. § 2254(d), which requires deference to a state court's determination of the merits, applies here. We have repeatedly held that prison disciplinary boards are not "courts" under that provision. *Piggie v. McBride*, 277 F.3d 922, 925–26 (7th Cir. 2002); *White v. Ind. Parole Bd.*, 266 F.3d 759, 763–66 (7th Cir.2001). Indiana contends that § 2254(d)(1) applies without acknowledging this court's decisions in *Piggie* and *White*, and despite recent reminders to it that this position is untenable. *See Higgason v. Davis*, 32 Fed. Appx. 767 (7th Cir.2002) (unpublished); *Benford v. Newkirk*, 39 Fed.Appx. 410 (7th Cir.2002) (unpublished) (labeling Indiana's position "frivolous"). As we recently stated in *Pannell v. McBride*, 306 F.3d 499 (7th Cir.2002), the Indiana Attorney General and his deputy attorneys must disclose controlling but adverse precedent, *see ABA Model Rules of Professional Conduct Rule* 3.3(a)(3) (2000). If they do not, they will be sanctioned.

■ As for the merits, Smith first contends that Indiana violated his Fourth Amendment rights by punishing him for refusing to take a urine test without justification. But "prisoners lack any reasonable expectation of privacy under the Fourth Amendment." *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir.1995); *see Hudson v. Palmer*, 468 U.S. 517, 526–30, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Moreover, though Smith complains that prison officials did not provide any justification for subjecting him to the drug test, they were not required to do so. Inmates cannot demand that a correctional officer justify an order before deciding whether to comply. *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir.1984) ("Inmates cannot be permitted to decide which orders they will obey ..."). Accordingly, his disobedience is not constitutionally protected and his argument is without merit.

■ Smith next argues that his due process rights were violated in two ways: the conduct board and administrative reviewers did not specifically address or recite his defense to the charge in their decisions, and he was disciplined without sufficient evidence. Smith's grievances are governed by § 2254 because he lost good-time credits. *See Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). He was therefore entitled to 24 hours' written notice of the charge, the opportunity to present a defense to an impartial decision maker, and a written explanation of the decision. *See Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Here, the conduct board and administrative reviewers did provide coherent explanations and the evidentiary basis for their conclusions. That was all the process due.

■ Next, Smith attacks the sufficiency of the evidence. To avoid arbitrary deprivation of prisoners' liberty interests, due process requires that "some evidence" supports the conduct board's findings. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). In evaluating the con-

duct board's decision, we do not weigh the evidence but must instead determine whether the decision has some factual basis. *See id.* at 455–56, 105 S.Ct. 2768; *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). Smith contended that he gave a urine sample, but his account is refuted by the conduct report. *See McPherson,* 188 F.3d at 786 (conduct report alone provides "some evidence"). Although the conduct board also relied on an ambiguous laboratory report (the lieutenant indicated on the form that he had collected the specimen, a fact administrative reviewers dismissed as clerical error), the conduct report alone is sufficient to support its decision.

Finally, Indiana argues that we should reconsider our decision in *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000), which allowed Smith to appeal the denial of his § 2254 petition without first obtaining a certificate of appealability. Indiana raises no new or compelling arguments for overturning *Walker,* relying instead on our opinion in *Moffat v. Broyles,* 288 F.3d 978 (7th Cir.2002), which noted that several other circuits have rejected *Walker's* holding. We acknowledge the different conclusions reached by our sister circuits, but decline Indiana's invitation to rethink our position in *Walker.*

AFFIRMED.