James H. HIGGASON, Jr.,
Petitioner–Appellant,

v.

Craig A. HANKS, Superintendent,
Respondent–Appellee.

No. 01–4022.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 16, 2002.*

Decided Dec. 17, 2002.

Before FAIRCHILD, EVANS, and
WILLIAMS, Circuit Judges.

### ORDER

A prison disciplinary board found
Indiana inmate James H. Higgason, Jr.,
guilty of threatening a prison staff mem-

---

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment in unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

ber and consequently revoked 180 days of good-time credit and transferred him to another prison. Higgason, a frequent litigant in this court, filed with the district court a petition challenging the discipline under 28 U.S.C. § 2254, which the court denied. On appeal, Higgason presents a litany of arguments, many of which we have rejected repeatedly in his prior appeals. We affirm.

■ We begin with the shopworn arguments that we have rejected repeatedly in Higgason's previous appeals. Higgason once more argues that federal courts have no jurisdiction to consider an Indiana prisoner's habeas corpus petition that challenges prison discipline because the prison disciplinary board that imposed the punishment is not a state court. Higgason has yet to get the hint—we have warned him in the past that this argument is frivolous and that "if he does not want us to consider his cases, he should simply stop filing them." *Higgason v. Hanks*, Nos. 01–3732, 01–3839, 01–4275, 2002 WL 1732969, at *1, 42 Fed.Appx. 876 (7th Cir. July 25, 2002); *see also Higgason v. Davis*, No. 01–3277, 2002 WL 648971, at *1, 32 Fed.Appx. 767 (7th Cir. April 18, 2002). Higgason likewise renews his frivolous argument that disciplinary board members lack authority to sanction him because they are not judges, but we have told him before, *see Hanks* at *1; *Davis* at *1, that due process is satisfied so long as a "neutral and detached decision-making body," regardless of the members' legal status, hears his disciplinary cases. *See Ramirez v. Turner*, 991 F.2d 351, 355 (7th Cir.1993). Higgason also contends that his due process rights were violated because disciplinary boards have been directed to revoke the maximum allowable amount of good-time credit for every prison rule infraction as a "covert means" of expanding the prison population in Indiana, but this, too, is

an argument we have rejected before as wholly speculative and patently frivolous. *See Hanks* at *1. Finally, Higgason contends that his punishment is excessive and disproportionate to the severity of his offense, but we have noted in his prior cases, *see id.; Davis* at *1, that the Eighth Amendment forbids only "extreme" punishment that is "grossly disproportionate" to the crime, *see Koo v. McBride*, 124 F.3d 869, 875 (7th Cir.1997), which is not the case here.

■ Only two of Higgason's remaining arguments merit further discussion. First, Higgason asserts that his due process rights were violated because the Indiana prison system "has a policy or custom of filing 'false' conduct reports to manipulate those falsely accused prisoners to coerce other prisoners to comply with the prison rules." Indiana prisoners have a liberty interest in good-time credits and are therefore entitled to due process before the state revokes those credits. *Webb v. Anderson*, 224 F.3d 649, 651–52 (7th Cir.2000). But due process requires only: (1) advance written notice of the charges; (2) an opportunity to call witnesses and present evidence; (3) a written statement by the fact finder of the evidence relied upon and the reasons for the decision; and (4) "some evidence" to support the decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). These protections are in place to guard against, among other things, trumped-up charges against prisoners. *See McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir.1999) ("[P]rotection from such arbitrary action is found in the procedures mandated by due process.") Higgason received all of the mandated protections in this case—he does not dispute that he received notice and a written decision and was allowed to present evidence at his hearing. Furthermore, he has not sup-

ported his claim that the staff member filed a false conduct report in this instance. To the contrary, Higgason admits that he made a statement about "putting a bullet in [the staff member's] head," which is what the staff member stated in the conduct report. Therefore, there was "some evidence" to support the board's decision, *see id.* at 786 (a conduct report alone can provide "some evidence" for a disciplinary decision), and Higgason's due process rights were not violated.

█ Lastly, Higgason challenges the district court's denial of his request to submit interrogatories to prison officials. Higgason claims that discovery would have helped him to establish that prison officials use excessive disciplinary sanctions to keep new penal facilities full and that prison officials have a "custom or policy" of filing false conduct reports. Habeas corpus petitioners are not entitled to discovery as a matter of ordinary course, but judges may allow petitioners to conduct discovery upon a showing of "good cause." *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Because discovery is not intended to be a fishing expedition, however, it is not justified if the allegations are speculative, *Hill v. Johnson,* 210 F.3d 481, 487 (5th Cir. 2000); *Kompare v. Stein,* 801 F.2d 883, 889 (7th Cir.1986), particularly given that notice pleading is insufficient in the habeas corpus context, *Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir.2002). As noted above, Higgason's theories are mere conjecture–he offered no basis for them, and thus the judge did not abuse his discretion by denying his request.

AFFIRMED.