**James H. HIGGASON, Jr.,**
**Petitioner–Appellant,**

v.

**Craig HANKS, Respondent–Appellee.**

No. 02–2775.

United States Court of Appeals,
Seventh Circuit.

Submitted April 17, 2003.*

Decided April 17, 2003.

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

In October 2000 a female prison guard filed a conduct report alleging that Indiana inmate James H. Higgason, Jr., while naked, had been jumping around his cell and making gestures and comments of a sexual nature to her. A prison disciplinary board thereafter found Mr. Higgason guilty of making sexual proposals, gestures, or threats against a staff member and consequently revoked 180 days of his good-time credit. After exhausting his administrative appeals, Mr. Higgason filed with the district court a petition challenging the sanction under 28 U.S.C. § 2254.** The court denied the petition, and we affirm.

■ Mr. Higgason argues that the conduct report does not support the charge of making sexual proposals, gestures, or threats. He contends rather that the conduct report, at most, supports a charge of indecent exposure. Indiana prisoners have a liberty interest in good-time credits and are therefore entitled to due process before the state revokes those credits. *Webb v. Anderson*, 224 F.3d 649, 651–52 (7th Cir.2000). Due process entails: (1) advance written notice of the charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence; (3) a written statement by the fact finder of the evidence relied upon and the reasons for the decision; and (4) "some evidence" to support the decision. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356

(1985). The "some evidence" standard is lenient, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. *Id.* at 455–56, 105 S.Ct. 2768. Here, Mr. Higgason does not identify any procedural shortcomings in the disciplinary proceedings. Rather, he asserts that the evidence did not support the severity of the charge of which he was found guilty. But our review of the conduct report, which alone can provide "some evidence" for a disciplinary sanction, *see McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999), reflects that Mr. Higgason made sexual proposals, threats, or gestures to the female staff member. The conduct report is therefore sufficient to support the board's decision.

■ Mr. Higgason also renews on appeal many of the arguments that he has raised repeatedly in his other § 2254 cases before this court: federal courts lacking jurisdiction over Indiana prisoners' habeas corpus petitions, disciplinary board members lacking authority to sanction prisoners because they are not judges, and disciplinary boards violating due process by revoking the maximum allowable amount of good-time credit for every prison rule infraction to keep Indiana prisons full. Most recently, we issued our decision in another one of his cases, *Higgason v. Hanks,* 54 Fed.Appx. 448 (7th Cir.2002), rejecting all of these arguments as frivolous and repetitive. Therefore, Mr. Higgason is now directed to show cause why he should not be fined or otherwise sanc-

** The state asserts that we have already affirmed the denial of Mr. Higgason's § 2254 petition challenging the disciplinary sanction for this specific conduct violation. But our order in *Higgason v. Hanks,* 42 Fed.Appx. 876 (7th Cir.2002), considered a different incident, as evidenced by its reference to a different district court case number than the one at issue here. Although seemingly inconsistent

with its claim of collateral estoppel, the state also admits—as Mr. Higgason points out—that it has "mixed up" different conduct violations committed by Mr. Higgason in responding to the numerous § 2254 petitions that he has filed. Appellant's Br. at 2–3. Here, we address the conduct violation that Mr. Higgason specifically referenced in the § 2254 petition at issue in this appeal.

tioned for filing a pattern of frivolous appeals. *See* Fed. R.App. P. 38; *Alexander v. United States*, 121 F.3d 312, 315–16 (7th Cir.1997). He has 21 days to file a response.

AFFIRMED; ORDER TO SHOW CAUSE ISSUED.