Joseph W. FINFROCK, Petitioner–
Appellant,

v.

Zettie COTTON, Superintendent,
Pendleton Correctional Facility,
Respondent–Appellee.

No. 01–2595.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2002 *.

Decided April 29, 2002.

Before COFFEY, MANION, and
WILLIAMS, Circuit Judges.

### ORDER

Joseph Finfrock filed a petition for a writ of habeas corpus, arguing that he was denied due process of law in a prison disciplinary hearing. The district court denied Finfrock's petition. We affirm.

At the time of the disciplinary proceedings, Finfrock was incarcerated at Wabash Correctional Facility in Indiana for criminal confinement and sexual battery. In 2000 Finfrock had a conversation with the prison's lead psychologist, Dr. Huffey. Finfrock states that he requested mental health care from the doctor, and in response Dr. Huffey asked him whether he planned to re-offend upon release. According to Finfrock, he did not want to re-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

offend and expressed a desire to receive counseling to ensure that he would not re-offend. In a letter dated August 24, 2000, however, the prison's release coordinator states that Finfrock told Dr. Huffey that he did intend to re-offend upon release.

On October 5, 2000, during an internal affairs investigation, Officer Don Tyler reviewed the release coordinator's letter. Tyler, assuming that the intent to re-offend mentioned in the letter referred to an intent to re-commit the sexual battery for which Finfrock was imprisoned, cited Finfrock in a conduct report for "threatening another person with bodily harm or with an offense against the person or property." Prison officials then gave Finfrock notice that he would receive a disciplinary hearing based on Tyler's conduct report, but Finfrock sought a continuance so that he could obtain a statement from Dr. Huffey. The Conduct Adjustment Board (CAB) denied the continuance but considered a document by Dr. Huffey stating that Finfrock previously had expressed an intent to re-offend, but "now denies intent to re-offend." At the disciplinary hearing, the CAB found the investigation report to be "true and accurate" and revoked 180 days of Finfrock's earned good-time and reduced his credit-earning class from I to II.

Finfrock appealed the CAB's decision to the prison superintendent, who affirmed it. Finfrock then appealed to the final reviewing authority of the Indiana Department of Corrections, which also affirmed the CAB's decision. Finfrock then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

■ Finfrock first argues on appeal that his due process rights were violated because there was insufficient evidence to support the CAB's decision to revoke his earned good time. Indiana prisoners possess a liberty interest in earned good time, which thus may not be revoked without due process of law. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002). The process due in a prison discipline setting is: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [the prisoner's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The decision to revoke good-time credits need only be supported by "some evidence," i.e., it must not be arbitrary. *Id.* at 455–56, 105 S.Ct. 2768. Even a brief disciplinary report may provide sufficient evidence for the decision of a disciplinary board to survive a challenge. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). Here, Finfrock received advance written notice, had the opportunity to call witnesses and present evidence, and received a written decision from the CAB. Thus, Tyler's report of Finfrock's conduct, relied upon by the CAB, was sufficient to provide "some evidence" of Finfrock's infraction.

■ Finfrock makes several additional due process arguments, namely that his rights were violated by a typographical error in his prison number on his conduct report, by the fact that his conduct report was written too long after the incident in question (Indiana regulations require a report to be written within five days of the incident), and because he was denied a continuance of his disciplinary hearing. But none of these arguments shows a violation of *Hill'*s requirements of notice, opportunity to call witnesses, and explanation for the decision. *See, e.g., Sweeney v. Parke*, 113 F.3d 716, 719 (7th Cir.1997) (holding that CAB's denial of continuance was not a constitutional violation). Be-

cause these alleged violations of prison policy do not implicate due process, they are matters of state law and cannot be the basis of habeas corpus relief. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Holman v. Gilmore,* 126 F.3d 876, 884 (7th Cir.1997).

Finfrock also makes an undeveloped argument that his double jeopardy rights were violated. According to Finfrock, in addition to losing good-time credit, he was sent to another institution based on the same issues addressed in the conduct report. But a transfer from one prison to another is not "prosecution" or "punishment" for double jeopardy purposes. *See Garrity v. Fiedler,* 41 F.3d 1150, 1152–53 (7th Cir.1994).

The decision of the district court is AFFIRMED.