Nathaniel **JONES–BEY**, Petitioner–Appellant,

v.

Cecil **DAVIS**, Respondent–Appellee.

No. 02–1732.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2002.*

Decided Jan. 3, 2003.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

### ORDER

A conduct adjustment board (CAB) at Indiana State Prison found inmate Na-

---

* This appeal has been submitted under Operating Procedure 6(b) to the panel that decided prior appeals in the case. The panel has concluded that additional oral argument is unnecessary.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

thaniel Jones–Bey guilty of attempting to make a sexual gesture, threat, or proposal, and sanctioned him with the loss of 120 days of earned-credit time. Mr. Jones–Bey exhausted his administrative remedies and then sought relief under 28 U.S.C. § 2254. The district court denied his petition, and we affirm.

On October 22, 2000, Mr. Jones–Bey delivered a letter to Kathy Tatum, a food supervisor at ISP, detailing Mr. Jones–Bey's desire to have a sexual relationship with her. The letter stated, for example, "a woman picks a man, and if you want to take a chance with [m]e, then you are choosing" and "you, [sic] and I are both grown; and what we do is by consent." Mr. Jones–Bey added that if Ms. Tatum's co-workers interfered with their relationship, he would be "forced to say something to those individuals that are in [m]y business; and none of [u]s wants that." Upon receiving the letter, Ms. Tatum filed a conduct report identifying Mr. Jones–Bey's alleged offense as threatening. On October 27 Mr. Jones–Bey received notice of the charges against him, including a copy of his letter to Ms. Tatum. At the disciplinary hearing on October 30, the CAB found Mr. Jones–Bey guilty of attempting to make sexual gestures, proposals, or threats, and recommended an earned-credit time deprivation of 120 days. On appeal the Department of Corrections' final reviewing authority affirmed both the conviction and the sanction.

Mr. Jones–Bey alleges in his § 2254 petition that he was unconstitutionally deprived of earned-credit time without due process. The district court dismissed Mr. Jones–Bey's petition, concluding that Mr. Jones–Bey had not made any claims that would entitle him to relief under federal law, and that even if he had, he was not entitled to relief because prison officials had provided adequate process. Our re-view of that decision is *de novo*. *See Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir.2002) (per curiam).

Indiana prisoners have a protected liberty interest in earned good-time credits and so cannot be deprived of them without due process. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002) (per curiam). Due process entitles a prisoner to basic protections, including written notice of the charges against him at least 24 hours in advance, the opportunity to present a defense to an impartial decisionmaker, and a written explanation of the factfinder's decision containing the evidence relied upon and the basis for the decision. *See Wolff v. McDonnell*, 418 U.S. 539, 563–64, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Furthermore, due process requires that a CAB's finding of guilt must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *see Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000).

Mr. Jones–Bey first argues that he was denied due process when the CAB found him guilty of an offense different from the one with which he was charged. The conduct report charged him with "threatening," in violation of rule B–213, but he was actually found guilty of attempting to make sexual gestures, proposals, or threats in violation of rule B–217.

The purpose of the requirement that a prisoner receive advance written notice of the charges against him is to inform him of the charges so that he can prepare a defense. *See Wolff*, 418 U.S. at 564; *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995) (per curiam). We have therefore held that this notice generally should include the number of the rule violated and a brief summary of the facts underlying the charge. *Whitford*, 63 F.3d at 534. The conduct report stated that the reasons for the charge were the remarks Mr. Jones–

Bey had made in the letter he had written to Ms. Tatum. Thus, although Mr. Jones–Bey was convicted of a different offense than that originally listed on the screening report, he was on notice that he would be defending against the things he purportedly said to Ms. Tatum in the letter; accordingly, due process is not implicated. *See id.* Even if prison officials violated prison policy by convicting Mr. Jones–Bey of a different offense than the one listed on the screening report, breaches of prison policy not implicating due process are strictly matters for state law and cannot be the basis for habeas corpus relief under § 2254. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir.2002).

Mr. Jones–Bey's next argument is unclear, but he appears to claim that he is entitled to relief because the CAB found him guilty of an offense not enumerated in the Adult Disciplinary Procedures (ADP). The CAB found Mr. Jones–Bey guilty of attempting to make sexual proposals, gestures, or threats to another in violation of prison codes B–240 (attempting to commit any Class B offense) and B–217 (making sexual proposals, gestures, or threats to another). Mr. Jones–Bey may be arguing that since he did not actually *make* any sexual proposals, gestures, or threats to another, he did not violate code B–217. But Mr. Jones–Bey confuses the nature of an attempt crime. As in the criminal code, a general attempt statute may be combined with an offense statute to charge a person with attempting that offense. *See* Ind. Code § 35–41–5–1; Model Penal Code § 5.01; *see also Farris v. Ind.,* 753 N.E.2d 641, 648 (Ind.2001). Due process does not require that the ADP provide a separate code for each offense and the attempt of each offense.

Finally, Mr. Jones–Bey asserts that his conviction did not satisfy due process be-cause it was not supported by adequate evidence. A CAB's decision meets the "some evidence" standard as long as there is some factual basis for the decision. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). At the disciplinary hearing Mr. Jones–Bey admitted that he wrote the letter to Ms. Tatum; he disputes only the CAB's finding that the letter contained sexual gestures, proposals, or threats. But as noted earlier, Mr. Jones–Bey's letter spoke of Ms. Tatum's "choosing him" as a "woman picks a man" and noted that their relationship would be "by consent." The language in the letter establishes that Jones–Bey hoped to begin a sexual relationship with Ms. Tatum and that he would harm Ms. Tatum's coworkers if they interfered. Since Mr. Jones–Bey's conviction was clearly supported by "some evidence," he received adequate process.

AFFIRMED.