**Loren Wayne TIDWELL,
Petitioner–Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

**No. 02–2921.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 18, 2003.*

Decided Feb. 18, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

After finding Indiana state inmate Loren Tidwell guilty of battery, a Conduct Adjustment Board (CAB) revoked 365 days good time credits, imposed one year in segregation, and demoted him from Credit Class I to Credit Class II. Tidwell petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that he was denied due process at his disciplinary hearing. The court denied Tidwell's petition, and we affirm.

The conduct report against Tidwell arose from an attack on a fellow inmate at the Indiana State Prison. The victim,

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Robinson, sought medical treatment for approximately 15 stab wounds but denied knowing his attacker's identity. Two inmate informants, however, identified Tidwell as the assailant, and investigators recovered surveillance video that purportedly shows Tidwell entering and leaving Robinson's cell despite another inmate's attempt to keep him from going inside.

Before the disciplinary hearing, Tidwell requested a lay advocate and submitted written statements from several witnesses who placed him in the "chow" line when the attack occurred. He also submitted Robinson's statement denying that Tidwell was responsible. At the hearing Tidwell waived his lay advocate (although he says the CAB forced him to) and argued that he was innocent. The CAB found him guilty after reviewing the conduct report, witness statements, investigation file, and surveillance video. Tidwell's administrative appeals were unsuccessful.

■ Indiana prisoners have a liberty interest in good time credits and their credit earning class, and, therefore, are entitled to due process before either can be taken away. *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002). Due process requires that an inmate receive at least twenty-four hours' written notice of the charges, have an opportunity to present evidence at a hearing before an impartial decisionmaker, and receive a written explanation of the CAB's decision. *Wolff v. McDonnell*, 418 U.S. 539, 564–66, 570–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *McPherson v. McBride*, 188 F.3d 784, 785–86 (7th Cir. 1999). Further, the disciplinary board's decision must be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000). "Some evidence" exists when the disciplinary board has some factual basis for its deci-

sion. *McPherson*, 188 F.3d at 786. In this case the investigation and conduct reports relate the content of the informant's statements and the surveillance video and provide a factual basis for the CAB's decision.

■ Tidwell argues that the CAB failed to assess the informants' credibility, and indeed should have disbelieved them given his witness statements and the victim's denial that Tidwell attacked him. He essentially challenges the CAB's evaluation of the credibility of the informants, witnesses, and victim, but we do not independently assess witnesses' credibility or reweigh the evidence supporting the CAB's decision. *Hill*, 472 U.S. at 455–56; *Webb*, 224 F.3d at 652.

Even though we will not revisit the CAB's credibility determination, we do require that a CAB offer some indication of an informant's reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir.1995). An informant's reliability is established one of four ways: (1) by the investigating officer's oath that his report containing the information from the confidential source is true; (2) testimony corroborating the information from the confidential source; (3) a statement by the CAB that the confidential informant has been reliable in the past; or (4) an *in camera* review of the material underlying the investigator's determination of credibility. *Id.* at 535–36. If a CAB fails to indicate the informant's reliability, the district court may conduct its own review of the informant's credibility. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir.1994); *Wells v. Israel*, 854 F.2d 995, 999 (7th Cir.1988). The district court found the informants reliable under *Whitford*, and we agree—the CAB's summary of the surveillance tape corroborates the information provided by the informants. Thus, Tidwell's argument fails.

Tidwell also argues that he did not receive a hearing by an impartial CAB because Counselor Zitt, who was not a CAB member, was present during deliberations in violation of state law and prison policy. A violation of state law or prison policy, however, does not rise to a federal constitutional violation for which habeas corpus relief is appropriate. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Kurzawa v. Jordan*, 146 F.3d 435, 441 (7th Cir.1998). Further, although Tidwell claims that Zitt's presence at the hearing resulted in a biased decisionmaker, he did not explain how the three CAB members were affected by Zitt's presence. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) (petitioner gave no reason for court to find disciplinary board biased). Thus, Tidwell was not denied an impartial decisionmaker.

Finally, Tidwell asserts in his opening brief that the CAB denied him a lay advocate's assistance, but because he did not develop this argument, it is waived. *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir.2002). In his reply brief, Tidwell argues that the surveillance video demonstrates his innocence; this argument is similarly waived because he did not raise it in his opening brief. *Park v. City of Chicago*, 297 F.3d 606, 617 n. 8 (7th Cir.2002).

AFFIRMED.