**Timothes STANFORD, Petitioner–Appellant,**

v.

**Stanley KNIGHT, Respondent–Appellee.**

No. 03–2144.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 22, 2003.*

Decided Dec. 22, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

842

Timothes Stanford, pro se, Bunker Hill, IN, for Petitioner–Appellant.

George P. Sherman, Office of the Attorney General, Indianapolis, IN, for Respondent—Appellee.

Before RIPPLE, MANION and WILLIAMS, Circuit Judges.

## ORDER

A Conduct Adjustment Board ("CAB") found Indiana inmate Timothes Stanford guilty of possession of tobacco and sanctioned him with the loss of 60 days' earned credit time. After exhausting his administrative remedies, Stanford sought relief under 28 U.S.C. § 2254. The district court denied his petition, and we affirm.

When Lt. B. Riggle strip-searched several inmates, he found a white envelope containing tobacco and rolling papers hidden in the jogging pants that one inmate was wearing. Riggle took photos of the tobacco, placed it in an evidence locker, and later issued a conduct report charging inmate Stanford with possessing tobacco. Stanford pleaded not guilty and requested a lay advocate. He also requested that five inmates and correctional officer T. Benedict serve as witnesses, and that the CAB view his jogging pants and the "packet," presumably referring to the envelope that the tobacco was found in.

At the CAB hearing Stanford asserted that Lt. Riggle "got the wrong guy." (R. 11, Exh. G.) He told the CAB that Riggle had asked D. Culpepper, one of the inmates being searched, to go get his identification. By the time Culpepper had returned with it, Lt. Riggle had accused Stanford. Since both inmates are African Americans with similar hair styles, Stanford asserted that Lt. Riggle got them confused. Five inmates also provided written statements that Stanford was not present when Lt. Riggle performed the search. A statement from officer D. McComb, who had assisted Lt. Riggle with the search, confirmed Lt. Riggle's report that Stanford was indeed present; however, officer Benedict provided a statement that Stanford was not present when officer McComb arrived to assist Lt. Riggle. Lt. Riggle appeared at the hearing and identified Stanford as the inmate who possessed the tobacco.

The CAB found Stanford guilty based on Lt. Riggle's report, a photograph of the tobacco, and officer McComb's statement.

Stanford appealed, arguing that Lt. Riggle had incorrectly identified him, that his hearing was inappropriately postponed, that inmate Culpepper's statement was not given due weight, and that Lt. Riggle should not have been allowed to remain in the hearing room while the CAB deliberated. His appeals were denied. In his § 2254 petition, Stanford claims that he was deprived of due process because the CAB (1) based its finding of guilt on a misidentification, (2) was not impartial, (3) improperly postponed his hearing, (4) failed to test the evidence and relied on a compromised chain of custody, (5) did not provide an adequate written statement, and (6) denied his right to call Culpepper as a witness. The district court held that Stanford received all the process to which he was entitled and denied his petition.

Stanford has a protected liberty interest in his good time credits and may not be deprived of either without the minimum requirements of due process. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir.2002) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir.2001). In this context, due process consists of advance written notice of the charges, *see Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), a limited right to call witnesses and produce documentary evidence, *id.* at 566–67, 94 S.Ct. 2963, a right to be heard before an impartial decision maker, *id.* at 570–71, 94 S.Ct. 2963, and a written statement as to the evidence relied on and reasons for the disciplinary action, *id.* at 564–65, 94 S.Ct. 2963, that is supported by "some evidence" in the record, *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000).

■ At the heart of Stanford's case is his contention that Lt. Riggle "got the wrong guy." The inmates' statements are consistent that Lt. Riggle did not search Stanford and officer Benedict stated that Stanford was not present when officer McComb arrived to assist Riggle. However, we review the CAB's decision deferentially and will uphold it if there is *any* evidence to support the finding of guilt. *Webb,* 224 F.3d at 652. Despite the statements pointing to a misidentification, the CAB was entitled to credit the testimony of Lt. Riggle and officer McComb, whose report and statements provided "some evidence" of Stanford's guilt. *See id.*

■ Stanford also contends that the CAB was not impartial because Lt. Riggle allegedly was allowed to remain in the hearing room while the CAB deliberated. The State does not concede this point, and Stanford does not present any basis for his assertion. Nonetheless, even if true, we considered and rejected this argument in *White v. Indiana Parole Board,* 266 F.3d 759, 766–68 (7th Cir.2001) (presence of complaining officer during CAB deliberations did not violate due process), and consequently, Lt. Riggle's presence did not violate Stanford's rights. Stanford's remaining arguments focus on the CAB's asserted failure to provide an adequate written decision, to allow him to call inmate Culpepper as a witness, and its failure to test the evidence and rely on a compromised chain of custody. As the State points out, Stanford has procedurally defaulted the first two claims for failing to raise them in his administrative appeal, and we note that he has defaulted the third for the same reason as well. *See Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir.2002) (failure to raise argument on administrative appeal precludes consideration under § 2254).

AFFIRMED.