**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 19, 2006[*]
Decided July 24, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 05-4331 | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| ALVIN RICHARDS, *Petitioner-Appellant*, | |
| *v.* | No. 3:04CV0708 AS |
| EDWARD BUSS, *Respondent-Appellee*. | Allen Sharp, *Judge*. |

## O R D E R

Indiana prisoner Alvin Richards petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that the prison conduct adjustment board ("CAB") demoted him to a lower credit class and deprived him of earned good time credits without due process. The district court found that the prison authorities acted properly and denied Richards's petition. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

In 2004 an officer at Indiana State Prison began investigating Richards after thousands of dollars were deposited to his prison commissary account via money order, bringing the balance of his account to over $10,000. Richards claimed that a relative sent him the money to pay for his attorney. The officer's investigation revealed, however, that individuals from Greenwood, Wisconsin, paid the money to Richards for contraband that he trafficked in the prison, and that they forged the signatures of Richards's relative on the money orders to avoid detection. The officer also secured corroborating statements from fellow prisoners, some of whom stated that they had received tobacco from Richards in the past. At the close of his investigation the officer compiled a confidential report of his findings (the CAB would later refer to this document as the "Case Report") and placed it in Richards's case file for review.

Based on this information, the CAB charged Richards with the infraction of "giving or receiving anything of value without authorization." Richards was provided a "Notice of Disciplinary Hearing" a "Report of Conduct," and "Report of Investigation" summarizing the officer's findings. Richards, however, requested the CAB to produce additional information, which the CAB claimed it had either already done, was unable to do because Richards had not specified what evidence he sought, or was not empowered to do. After stating that it reviewed all of the evidence presented in Richards's case file, the CAB found that he "did receive a large amount of money" and accordingly found him guilty. The CAB thus demoted Richards from a credit class of I to II, and deprived him of 180 days earned credit time.

After Richards exhausted his appeals in the prison administrative system he filed a petition for a writ of habeas corpus, alleging that the CAB violated due process by denying him the opportunity (1) to review the "Report of Investigation" and money order receipts; (2) to present the "Report of Investigation" and money order receipts to the CAB; and (3) to call as witnesses the individuals from Wisconsin who forged the signature of Richards's relative on the money orders and the prisoner who stated Richards sold him tobacco. He also argued that the CAB's finding of guilt was not supported by "some evidence," and that it failed to state adequately the reasons underlying its finding. The district court denied Richards's petition in its entirety.

Richards now appeals, renewing the arguments he made to the district court. Richards has a protected liberty interest in his earned good time credits and credit-earning class and may not be deprived of either without due process. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002) (per curiam). Due process in this context requires advance written notice of the charges, a right to be heard before an impartial decision maker, and a written statement presenting the evidence relied on and reasons for the disciplinary action. *See Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974)). Prisoners also have a conditional right to access and present documentary evidence and testimony. *McBride*,

277 F.3d at 924-25. This right extends only to documentary evidence that is exculpatory in nature, *id.*; *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992), and the right to access and present such documentary evidence or testimony may be limited if "institutional safety or correctional goals" are compromised by the evidence or testimony, *see Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) (per curiam). A finding of guilt need only be supported by "some evidence in the record." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citing *Superintendent, Mass. Corr. Inst., Wapole v. Hill*, 472 U.S. 445, 455 (1985)).

Richards first asserts that the CAB violated due process by denying him the opportunity to review and present the "Report of Investigation" and money order receipts to the CAB. As a preliminary matter, the record shows that the CAB provided Richards with this report when it gave him the "Notice of Disciplinary Hearing," so his argument fails on that score. We can assume, however, that Richards is also referring to the confidential Case Report, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) ("[*P*]*ro se* pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed . . . ."); the similarity in the names of the two documents supports such an assumption. But even if Richards intended to refer to this document his argument fails. A review of the Case Report reveals that it is not exculpatory; it presents the investigative findings in detail, including the testimony of prisoners who took part in Richards's contraband trade. Furthermore, allowing Richards access to this confidential report would provide him with the identities of the prisoners who cooperated with the investigation, thus compromising their safety. *See Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995) ("A prison disciplinary board may rely on the testimony of confidential informants, and it may keep their identities (and information relating to their identities) secret, because 'revealing the names of informants . . . could lead to the death or serious injury of . . . the informants.'") (quoting *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985)).

Richards's argument that he was deprived of the opportunity to review and present the money order receipts likewise fails. He asserts that, had he been given the opportunity to review the receipts, the signatures on the receipts would have shown that he received money only from his relative. But the CAB reviewed the receipts (as well as separate evidence that the signatures on them were forgeries) before reaching its decision; it thus would have taken into account any exculpatory value that they possessed. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (stating that there is no denial of opportunity to review and present evidence where CAB reviewed the evidence in question as part of case file).

Richards next argues that the CAB impermissibly denied him the opportunity to present testimony of the individuals from Wisconsin who forged the signatures of his relative on the money order receipts and the prisoner who told the investigator that

Richards sold tobacco. The CAB has no authority to compel out-of-state individuals to testify. *See id.* (stating that CAB "lacked the compulsory process to require civilians to appear before it"). It also acted within its authority to deny Richards's request to compel the testimony of the prisoner who told the investigator that Richards sold tobacco. The CAB denied Richards's request to compel the prisoner's testimony on the basis that Richards did not specify who that offender was. Richards, of course, was trying to claim that he had not sold contraband to anyone; it therefore would have been hard for him to identify which person had allegedly fabricated a claim against him. Nevertheless, there are two reasons why the CAB's denial of his request can stand. First and most importantly, Richards lacks the right of confrontation in this context, *see Rasheed-Bey*, 969 F.2d at 361, and compelling the prisoner to testify would compromise his safety by revealing his identity, *see Whitford*, 63 F.3d at 535. Additionally, we have held before that even a violation of the right to call witnesses is harmless unless there is evidence that the testimony could have aided the prisoner's defense. *See Piggie*, 344 F.3d at 678. There is no such evidence here.

Richards's final argument is that the CAB's guilty finding is not supported by "some evidence" and adequately explained. The "some evidence" standard requires no more than a mere "modicum of evidence," and we will uphold the CAB's decision if there is any evidence to support its finding of guilt. *See Webb*, 224 F.3d at 652 (7th Cir. 2000) (citing *Hill*, 472 U.S. at 455). Here, the Case Report showed that Richards was paid to traffic tobacco, and the CAB succinctly explained that this evidence, coupled with the fact that he received "a large amount of money" without proper authorization, pointed to Richards's guilt. The district court thus did not err in concluding that some evidence supported the CAB's finding of guilt, and that the CAB adequately explained the reasoning underlying its finding.

**AFFIRMED**.