NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009
Decided December 23, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2773

| | |
|---|---|
| EDWIN D. CALLIGAN,<br>*Petitioner-Appellant,*<br><br>v.<br><br>BILL K. WILSON,<br>*Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division.<br><br>No. 07 CV 320<br><br>Theresa L. Springmann,<br>*Judge*. |

**OR D E R**

A conduct-adjustment board found Indiana inmate Edwin Calligan guilty of battery after an altercation that he had with two prison guards. Calligan was sanctioned with a year of disciplinary segregation, a demotion in credit-earning class, and the loss of 365 days' good-time credits. After exhausting his administrative appeals, he petitioned for a writ of habeas corpus in federal court under 28 U.S.C. § 2254. The district court denied his petition and his motion for reconsideration. We affirm the judgment.

According to the conduct report, in August 2007 Officer Frank Bernacet saw Calligan punching and kicking a fellow guard. Bernacet tried to restrain Calligan, but Calligan

punched him in the face, hitting his eye and knocking him to the ground where he scraped his arm.  When Bernacet got up, he pulled out his mace, and Calligan abandoned his protest and let Bernacet handcuff him.  Bernacet was treated for his injuries both in-house and then, two days later, at an outside facility.  Calligan was subsequently charged with a Class A-102 battery for the "serious bodily injury" that he caused Bernacet.

Before his hearing, Calligan requested photographs of Bernacet's injuries and statements from three eyewitnesses: inmates Barry Jewell, "Williams," and "the offender who jumped in and helped."  The photographs were not provided because, prison officials said, they did not turn out clearly.  They also reported that Williams was unavailable because he had been released and that the unnamed prisoner did not exist.  They located Jewell, however, and postponed Calligan's hearing to arrange for his appearance.

On the day of the hearing, Calligan waived Jewell's statement and proceeded without his other two witnesses.  In his written statement, he admitted that in the commotion of the fight he may have punched Bernacet.  But Calligan also speculated that this unnamed prisoner may have done so.  In addition, he argued that his charge should be reduced to a Class B battery because Bernacet had not suffered "serious" injuries.  The Board accepted Bernacet's conduct report and found Calligan guilty, explaining that the "[r]eport clearly states offender assaulted staff member."

In the district court, Calligan asserted that the prison violated due process by failing to locate his two other witnesses.  He sought discovery into the efforts that prison officials had made to locate them.  He also claimed that there was insufficient evidence of *serious* bodily injury to Bernacet.  The court denied both his discovery requests and his petition, ruling that Calligan could not show that he was prejudiced by the absence of his potential witnesses and that Bernacet's conduct report, his bruise, and his need for outside medical treatment two days after the incident constituted "some evidence" of serious bodily injury.  Calligan asked for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, attaching evidence of the availability of his two witnesses and a photograph of Bernacet's injuries, and contending again that Bernacet's injuries were not "serious" under Indiana case law.  The court denied Calligan's motion, and this appeal followed.

On appeal Calligan reiterates his arguments that his hearing did not comport with due process.  Calligan has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process.  *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002).  For prison disciplinary hearings, due process requires advance written notice of the charges, a limited right to call witnesses and produce documents, a right to be heard before an impartial decision-maker, and a written statement of the evidence relied on with the reasons for the disciplinary

action. *See Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). In addition, the disciplinary board's decision must be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Calligan first argues that insufficient evidence in the record shows that Bernacet suffered *serious* bodily injury; he says Bernacet sustained only minor scrapes and bruises. The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence." *Hill*, 472 U.S. at 455. We will not reweigh the evidence underlying the Board's decision; we confine our inquiry to whether any reliable evidence exists to support the decision, and, once found, we will not look to see if other record evidence suggests a contrary conclusion. *Id.* at 455-56; *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007); *Culbert v. Young*, 834 F.2d 624, 630-31 (7th Cir. 1987). Based on this highly deferential review, we agree with the district court that the record contains "some evidence" of "serious" injuries. Under Indiana law, "serious bodily injury" includes injuries resulting in "extreme pain." IND. CODE § 35-41-1-25(3). The record contains some evidence that Bernacet experienced extreme pain because he sustained a punch to the eye so hard that it immediately felled him and caused bruises significant enough to require two rounds of medical treatment. Moreover, determining where the line should be drawn between the lesser and the greater battery offense in this case is a question of state law. The state of Indiana has the right to determine what constitutes "serious bodily injury," and the resolution of this matter does not implicate the federal Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).

Next, Calligan argues that the Board violated his due process rights by failing to better explain its decision. Even if we assume that this argument is properly before us (the prison argues that Calligan forfeited it), it fails on the merits because the Board's written statement is constitutionally adequate, despite its brevity. The Board is required to state its reasoning and the evidence that it relied on to ensure prisoners are not disciplined for things they have not done. *See Wolff*, 418 U.S. at 565; *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). But when the charge is straightforward, the Board need say only that it believed the conduct report. *Saenz*, 811 F.2d at 1174. Calligan's case was simple, involving only limited evidence: Bernacet's conduct report, the evidence of his injuries, and Calligan's own acknowledgment that he may have punched Bernacet. The Board's brief citation to the conduct report adequately explains its rejection of Calligan's defense.

Calligan's third due process argument challenges prison authorities for failing to find two of his requested witnesses. He contends that officials lied about not being able to identify the "unnamed prisoner" and that Williams could have been located but for an officer's error in using the wrong identification number for him. Prison officials are granted significant discretion in responding to requests for witnesses because the minimal due

process protections articulated in *Wolff* should not impose an undue burden on prison administrators, institutional safety, or correctional goals. *See Wolff*, 418 U.S. at 566; *Whitlock v. Johnson*, 153 F.3d 380, 386 (7th Cir. 1998). But even if these witnesses could have been easily found, Calligan gives us no reason to believe that they would likely have exonerated him. He merely guesses that they may have fingered someone else for the assault on Bernacet. In light of Bernacet's conduct report and Calligan's frank acknowledgment of his potential guilt, his speculation about the possible statements of others does not establish a constitutional violation. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003).

Calligan's failure to show the materiality of these two witnesses also resolves his attack that the district court abused its discretion in denying his discovery request for information about the prison officials' efforts to locate the inmates. The district court has discretion to grant limited discovery in habeas-corpus cases. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But because Calligan has not demonstrated "good cause"–that either witness would likely have influenced the outcome–the district court committed no abuse in denying his requests. *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004).

Finally, Calligan argues that the district court abused its discretion when it denied his motion for reconsideration. A court may grant a Rule 59(e) motion only if the movant presents newly discovered material evidence that was previously unavailable or establishes that the court made a manifest error of law. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006). Calligan's new evidence that the prison officials inadequately attempted to locate his witnesses is not material because Calligan still does not show how either witness would have helped him prove his defense. The photograph of Bernacet's bruise does not vitiate the other, adequate evidence of his serious injury. Lastly, Calligan's reliance on *Hand v. State*, 863 N.E.2d 386 (Ind. Ct. App. 2007), to argue that Bernacet's injuries were not serious, is also misplaced. That case applied the reasonable-doubt standard to the definition of "serious" injury but did not alter the meaning of the substantive crime, which covers injuries, like Bernacet's, involving extreme pain. Thus, the court did not abuse its discretion in denying his motion.

We therefore AFFIRM the judgment of the district court.