**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2217
_____

BRIAN FERNALD,
                              Appellant

v.

WARDEN RONNIE HOLT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-02473)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2011
Before:  SCIRICA, SMITH AND VANASKIE, Circuit Judges

(Opinion filed: September 29, 2011 )
_____

OPINION
_____

PER CURIAM

      Brian Fernald, a prisoner at USP Canaan, appeals from an order of the United

States District Court for the Middle District of Pennsylvania denying his habeas petition

filed pursuant to 28 U.S.C. § 2241.  For the reasons below, we will affirm the District

Court's judgment.

On November 30, 2009, Fernald was rushed to a hospital with symptoms of a drug overdose. When he returned to the prison the next day, Fernald was required to provide a urine specimen for testing. The results showed that Fernald tested positive for opiates. According to the Health Services Department, Fernald had not been prescribed any medication that would have resulted in a positive result. Consequently, Fernald was issued an incident report that charged him with using narcotics without a prescription.

After being provided with written notice of the charge, Fernald appeared before the Disciplinary Hearing Officer ("DHO") and challenged the chain of custody of the urine specimen, which had been collected in the shower area of the Special Housing Unit. In response to questions from the DHO, Fernald stated that "[L]ieutenant [Mrad] handed me the cup. I walked in the shower. I [urinated] in the cup. Officer Dominick retrieved the cup and they left." Fernald emphasized, however, that a chain of custody form was not present when he provided the urine specimen, that he was not provided with an opportunity to sign a chain of custody form, and that the corrections officers did not sign a chain of custody form in Fernald's presence. To support his allegations, Fernald sought to introduce a videotape of the shower area, which he claimed "repudiates the charges."[1]

The DHO denied Fernald's request, noting that the "video evidence was excluded as it was not considered evidentiary in the proceedings." Instead, the DHO credited other evidence presented at the hearing. For example, while Fernald denied being under the

---

[1] We will assume the existence of such a videotape, although the Government has not acknowledged that the shower area is subject to video monitoring.

influence of narcotics, he did acknowledge that he was taken to the hospital because he was unresponsive and that hospital staff "said it was a possible overdose." Moreover, the DHO cited a memorandum prepared by Lieutenant Mrad, which explained that Fernald did not sign the chain of custody form because he admitted that he was still "high" and because his "outward actions indicat[ed] that he was under the influence of narcotics." The DHO also noted that Officer Dominick had signed the chain of custody form, thereby affirming that "the container was sealed with the tamper-proof seal in my presence and that the specimen number provided on th[e] form and on the label affixed to the specimen container are the same." Ultimately, the DHO concluded that Fernald committed the charged prohibited act and imposed sanctions, including, inter alia, the loss of 40 days of good conduct time.

Fernald filed a § 2241 petition challenging the loss of good conduct time solely on the ground that the DHO violated his due process rights by failing to consider the video evidence. The Government filed a response, arguing that the hearing complied with all due process requirements. The District Court agreed and denied the habeas petition. Fernald appealed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). A complaint challenging the loss of good-time credits is cognizable under § 2241. Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008).

"[A] prisoner has a constitutionally protected liberty interest in good time credit." Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). Thus, a prisoner facing the loss of good-conduct time as a result of an infraction is entitled to certain procedural protections in the disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). The minimum required protections are: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985). "[W]here . . . an institution's record retention policy suggests that documentary evidence exists, and an inmate properly requests that the evidence be produced at his/her disciplinary hearing, due process requires that the evidence be produced unless the hearing officer makes an independent determination that the evidence is not relevant, or if relevant, should not be introduced because of overriding penological concerns such as security of the institution or safety of prison personnel or other inmates." Burns v. PA Dept. of Corr., 642 F.3d 163, 174 n.11 (3d Cir. 2011).

On appeal, Fernald maintains that the "DHO's failure to consider the videotape evidence of the incident violated [his] due process rights." In support of this argument, Fernald cites Piggie v. McBride, 277 F.3d 922 (7th Cir. 2002). Although that case also involved a claim that the prison disciplinary board failed to review an exculpatory videotape, we agree with the District Court that Fernald's reliance on Piggie is

4

unavailing. The primary issue in Piggie was whether the presumption of correctness under 28 U.S.C. § 2254(e)(1) applied to the prison superintendent's finding that the petitioner had failed to timely request the videotape at the disciplinary hearing. Id. at 925. The Court of Appeals vacated and remanded, concluding that the District Court itself must make the requisite factual finding. Id. at 926 (holding that "the state may not benefit from § 2254(e)(1)'s presumption of correctness in appeals from prison disciplinary proceedings."). In this case, however, as the District Court noted, the "denial of habeas relief . . . is not based upon a presumption of correctness as to the DHO's determination that the videotape was not evidentiary." Rather, the District Court properly focused on whether the DHO's decision was supported by "some evidence." Hill, 472 U.S. at 454-56

We conclude that some evidence clearly supports the DHO's determination. Initially, we note that the DHO, not corrections officers, made an independent assessment that the videotape was not relevant. Burns, 642 F.3d at 174 & n.11 ("due process requires that the evidence be produced unless the hearing officer makes an independent determination that the evidence is not relevant"). According to Fernald, the videotape would demonstrate that the "officer who collected his urine specimen[] failed to comply with the chain of custody requirements." But the pertinent question is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board" that Fernald used narcotics without a prescription. Hill, 472 U.S at 455-56. Here, that evidence consisted of Fernald's admissions that he provided a urine specimen to

5

Lieutenant Mrad and Officer Dominick one day after being taken to the hospital because he was unresponsive due to what the hospital staff characterized as a possible overdose. In addition, Officer Dominick affirmed that the specimen was properly sealed and labeled, and Lieutenant Mrad explained that Fernald did not sign the chain of custody form because he was still under the influence of narcotics. Finally, the laboratory test results showed that Fernald tested positive for opiates, which, according to the Health Services Department, had not been prescribed to him. Therefore, because the evidence supported the DHO's determination, the District Court properly denied Fernald's habeas petition.[2]

For the reasons given, we will affirm the judgment of the District Court.

---

[2] To the extent that Fernald raises other due process claims, we note that he 1) received an impartial decisionmaker, 2) was given 24-hour advance notice of the charges, 3) had an opportunity to call witnesses and present documentary evidence, 4) waived his right to assistance from a staff representative, and 5) was provided with a written decision by the DHO as to the evidence relied upon and the reasoning behind it. Wolff, 418 U.S. at 563-67.