An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THAD AUBERT,
Appellant,
vs.
LISA WALSH; EUGENE MURGUIA;
NURY ORTIZ; AND JACK PALMER,
Respondents.

No. 66056

**FILED**

OCT 16 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court summary judgment in a civil rights action. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant argues that he was denied due process during a prison disciplinary proceeding when respondents refused his request to view security camera videotape evidence in preparation for his innocence defense against assault and battery charges, for which appellant was subsequently convicted and disciplined. When a protected liberty interest is at stake in a prison disciplinary hearing, prisoners are entitled to minimal due process, including (1) advance written notice of the charges, (2) an opportunity to call witnesses and present evidence, and (3) a written statement by the fact-finder of the evidence relied upon. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). If the mandates of due process are satisfied, a district court will uphold a disciplinary decision as long as it is supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

15-31583

The alleged lack of an opportunity to present evidence is the basis for appellant's civil rights action. In that regard, respondents argue that they were not required to produce the videotape for appellant's review because appellant never asserted that the videotape was exculpatory. The record does not support respondents' assertion, however, because in seeking to review the videotape during the disciplinary process, appellant maintained that he "did not assault anyone" and that he "did not in any way participate in the fight." He thus asserted that his due process rights were violated as a result of being found guilty without being allowed access to evidence that he contends would establish his innocence. Because material exculpatory evidence, including surveillance videos, must be disclosed in a prison disciplinary proceeding if the inmate timely requests it, unless the evidence would "unduly threaten institutional concerns," *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002), the mandates of due process were not met here. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (explaining that disclosure of such evidence enables an accused inmate to present his or her best defense and ensures that the disciplinary decision-maker considers all evidence relevant to the prisoner's guilt or innocence); *Burns v. PA Dept. of Corr.*, 642 F.3d 163, 174 n.11 (3d Cir. 2011) (noting that where a prison's "record retention policy suggests that documentary evidence exists, and an inmate properly requests that the evidence be produced at his/her disciplinary hearing, due process requires that the evidence be produced unless the hearing officer makes an independent determination that the evidence is not relevant, or if relevant, should not be introduced because of overriding penological concerns such as security of the institution or safety of prison personnel or

other inmates"); *see also Wolff*, 418 U.S. at 563-69 (recognizing that minimal due process includes the opportunity to present evidence).

Here, appellant was denied review of the videotape on the basis that the videotape was "state's evidence," and while it is unclear what respondents meant by that, respondents acknowledged that the videotape was relevant and did not suggest during the disciplinary hearing that the hearing officer's review of the videotape, or its disclosure to appellant, would have jeopardized any institutional or correctional goals. *See Ponte v. Real*, 471 U.S. 491, 497 (1985) (explaining that under *Wolff*, prison officials have to provide some explanation for refusing to allow evidence that an inmate requests).

Respondents also argue that, regardless, the disciplinary decision was appropriately supported by some evidence, as required under *Hill*. Respondents' arguments regarding the existence of "some evidence" to support the disciplinary decision need not be addressed, however, because appellant's civil rights action was not grounded on allegations that his disciplinary conviction did not meet the "some evidence" standard. Instead, he contended that he was denied access to material exculpatory evidence. Nevertheless, to the extent that respondents are suggesting that the some evidence standard set forth in *Hill* supersedes the *Wolff* due process factors, we disagree. An inmate in a prison disciplinary hearing is entitled to the protections afforded under both *Wolff* regarding procedures and *Hill* regarding the quantum of evidence. *Hill*, 472 U.S. at 454-55; *see Piggie v. McBride*, 277 F.3d at 925 (noting that prison officials "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt" (internal quotations omitted)).

Accordingly, we reverse the district court's summary judgment and remand this matter to the district court for further proceedings consistent with this order.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. James Todd Russell, District Judge
Thad Monoletti Aubert
Attorney General/Carson City
Carson City Clerk